No. 18,774.

HENRY CHRISTENSEN, ET AL. *v.* GEORGE J. BAKER,
SECRETARY OF STATE.

(328 P. [2d] 951)

Decided August 18, 1958.

Mr. RICHARD D. DITTEMORE, for petitioner.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK
E. HICKEY, Deputy, for respondent.

*En Banc.*

MR. JUSTICE FRANTZ delivered the opinion of the Court.

A PETITION for an initiated amendment to the Constitution of the State of Colorado relating to apportionment of the Senate and House of Representatives of the General Assembly was presented to the Secretary of State on the last day of the required four months before the election at which it was to have been submitted to the voters. It contained the signatures of 40,967 persons, a number far short of the total required to comply with the formula set out in the constitutional provision for the submission of such petitions.

Three separate supplements, tendered on three different late dates, containing additional signatures substantially in excess of the requisite number, were rejected by the Secretary of State. On the ground that the required number of names did not appear on the petition on a date four months prior to the date of the general election to be held on November 4, 1958, its filing was refused by the Secretary of State.

An original suit in mandamus in this court followed the refusal of the Secretary of State to permit the filing of the petition. An answer filed by the Secretary of State raises the sole legal question of whether he acted properly in the premises.

Article V, Section 1 of the Constitution of Colorado in applicable part provides:

". . . the people reserve to themselves the power to propose laws and amendments to the constitution and to enact or reject the same at the polls independent of the general assembly, . . .

"The first power hereby reserved by the people is the initiative, and at least eight per cent. of the legal voters shall be required to propose any measure by petition, and every such petition shall include the full text of the measure so proposed. Initiative petitions for state legislation and amendments to the constitution, shall be addressed to and filed with the secretary of state at least

four months before the election at which they are to be voted upon.

". . . The whole number of votes cast for secretary of state at the regular general election last preceding the filing of any petition for the initiative or referendum shall be the basis on which the number of legal voters necessary to sign such petition shall be counted.

"The secretary of state shall submit all measures initiated by or referred to the people for adoption or rejection at the polls, in compliance herewith . . .

"This section of the constitution shall be in all respects self-executing."

It is the contention of the Secretary of State that this constitutional provision mandatorily forecloses the acceptance of tardy supplements to a petition for an initiated amendment to the Constitution, which petition, when originally and timely filed, fell far short of having the necessary number of signatures.

Plaintiffs rely upon C.R.S. '53, 70-1-9, which in pertinent part is as follows:

". . . In case the petition be declared insufficient in form or number of signatures of qualified electors, it may be withdrawn by a majority in number of the persons representing the signers of such petition, and, within fifteen days thereafter, may be amended or additional names signed thereto as in the first instance, and refiled as an original petition . . ."

It is their position that this statutory provision is in harmony with the Constitution, aids in the laudable object that the people vote on proposed amendments, and permits the filing of supplements containing additional signatures sufficient to make up the required number.

Without passing on the validity of the cited statute or interpreting it, it is sufficient to a proper resolution of the problem confronting us to realize that we are dealing with a self-executing constitutional provision. By its terms a certain number of legal voters must sign the petition, and as thus signed, the petition must

be filed with the Secretary of State on or before a certain date. Plain words make plain meaning. Permitting the filing of late supplements containing enough signatures to satisfy the mandate of the Constitution would be in these circumstances a circumvention of this fundamental document.

■ Article V, Section 1, fixes the time within which a petition must be filed with the Secretary of State, and requires a certain number of signatures of legal voters to be affixed thereto before the matter can be submitted to the voters at an election. Initially the petition in this case was timely filed but lacked the requisite signatures. The supplements brought the number of signers within the terms of the Constitution, but they were filed late. Thus, we have insufficient signatures when the petition was originally presented, and too late filing when the supplements were presented. Under these circumstances, the petition for an initiated amendment to the Constitution must be held not filed in compliance with Article V, Section 1 of the state Constitution and the rule must be discharged. It is so ordered.

MR. JUSTICE KNAUSS not participating.